UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORY SOUDERS,

       Petitioner,

v.                                            Case No. 2:10-cv-106
                                            HON. ROBERT HOLMES BELL

GREG MCQUIGGIN,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Cory Sounders filed this petition for a writ of habeas corpus maintaining that his convictions were obtained in violation of his federal rights. Petitioner pleaded no contest to one count of first degree criminal sexual conduct. As a result of the plea agreement, the prosecutor withdrew a third degree criminal sexual conduct charge, and a fourth habitual offender notice. Following his conviction, Petitioner received a sentence of 17.5 - 50 years. The instant petition sets forth the following claim:

> Failure by the circuit court to permit withdrawal of the no contest plea prior to sentencing based on an obvious misunderstanding of the defendant's appellate right was an abuse of discretion and defense counsel's refusal to support his client's refusal to support his clients request constituted ineffective assistance of counsel.

(Docket #1, p. 2).

The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner claims that the Circuit Court erred in denying Petitioner's motion to withdraw his no contest plea prior to sentencing.[1] The constitutional validity of a no contest plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a no contest plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a no contest plea knowingly when he understands the nature of the charge and the "direct consequences" of his no contest plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991). A review of the plea hearing in this case fails to provide any support for petitioner's claim that his plea of no contest was not knowingly and intelligently made.

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon

---

[1] Under state law, there is no absolute right to withdraw a plea once it has been accepted by the trial court. The standard is laid out in Michigan Court Rules 6.310 (B), which states: "a plea may be withdrawn on the defendant's motion or with the defendant's consent only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea."

petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of Petitioner, the state judge found that Petitioner's plea of guilty was entered knowingly and voluntarily.

The plea hearing transcript establishes that Petitioner was aware of all of the consequences of pleading no contest.

> [THE COURT]: All right. As do I. Let's proceed on that basis, then. Sir, you understand that your [sic] pleading no contest to CSC first which carries a maximum penalty of life or any term of years?
>
> [PETITIONER]: Yes.

(Tr., Docket #14, p. 4). The transcript demonstrates that Petitioner was aware of the maximum possible penalty of life imprisonment for entering a plea of no contest to the charge of CSC.

Petitioner stated under oath that he was pleading no contest freely and voluntarily and it was his own decision. The Court carefully questioned Petitioner regarding his motivation and understanding of entering a guilty plea.

> [THE COURT]: Did you read and review the Advice of Rights, sir?
>
> [PETITIONER]: Yes.
>
> [THE COURT]: Did you understand those rights and are you willing to waive all those rights and enter a no contest plea?
>
> [PETITIONER]: I -- I still have the option for -- to file an appeal, though, correct?
>
> [THE COURT]: Yes, you can -- you'll be able to ask the Court of Appeals to review this matter once sentencing has been done.
>
> [PETITIONER]: Okay.
>
> [THE COURT]: Let me ask you again, did you understand all those rights and are you agreeing to waive all those rights and enter a no contest plea?

[PETITIONER]: Yes.

[THE COURT]: Did you sign the Advice of Rights Form?

[PETITIONER]: Yes, I did.

[THE COURT]: If I accept this plea, you'll be giving up any claim that this plea was the result of any promises or threats that were not disclosed to this Court at this hearing, or that it was not your own choice to enter this plea.. Do you understand that, sir?

[PETITIONER]: Can you say that again?

[THE COURT]: Yes. If I accept this plea, you'll be giving up any claim that this plea was the result of any promises or threats that were not disclosed to this Court, or that it was not your own choice to enter this plea. Do you understand that, sir?

[PETITIONER]: Sort of.

[THE COURT]: All right. Well, let me ask you this: Has anyone made any threats or promises to you other than what we're going to place on the record, sir?

[PETITIONER]: Other than the fact I was told I'll never be released from prison if I take it to trial.

[THE COURT]: Okay.

[MR. NUNZIO]: That's --

[THE COURT]: All right. Well, sir, that -- that's a confidence between you and your attorney. But the issue is here, is someone –

[PETITIONER]: I was told that by the Prosecutor as well.

[THE COURT]: All right. Well, sir –

[MS. KONCKI]: Could I -- could I clarify this, Judge?

[THE COURT]: Just a second, Ms. Koncki. Let me ask you this, sir: If I accept this plea, you'll be giving up any claim that this plea was the result of any promises or threats that were not disclosed to this Court at this hearing. Do you understand that?

[PETITIONER]: Yes.

[THE COURT]: And you'll also be giving up any argument that it was not your own choice to enter this no contest plea. Do you understand that, sir?

[PETITIONER]: Yes.

[THE COURT]: All right. In other words, no one is forcing you?

[PETITIONER]: No.

[THE COURT]: Are you on probation or parole?

[PETITIONER]: Yes.

[THE COURT]: Do you understand that this plea could be a violation of that probation or parole?

[PETITIONER]: Yes.

[THE COURT]: Would the Prosecutor please state the entire plea agreement on the record?

[MS. KONCKI]: Yes, Your Honor. Upon successful plea and sentence as charged to count one, the People have agreed to dismiss all other counts and supplemental information.

[MR. NUNZIO]: That is counsel's understanding of the plea offer. And, for the record, we have to clear this up. Counsel gave his opinion with respect to a potentiality of a conviction at trial and the ramification of a conviction in relation to CSC first, CSC third, Supp four and with his prior history. Counsel gave him his opinion with respect to a potential sentence and the likelihood of his incarceration with the Michigan Department of Corrections. It was counsel's opinion, having tried and handled more criminal sexual conduct cases than I care to announce on the record. It's many. It is many. And I - - I gave him my opinion with respect to that, Your Honor. It was - - it was not a threat. It was an opinion.

[THE COURT]: Sir, let me ask you this: With regards to the plea agreement that was placed on the record by Ms. Koncki and affirmed by your counsel, is that the entire plea agreement as you understand it?

[PETITIONER]: As far as I understand, yes.

[THE COURT]: All right. Has anyone promised you anything other than what we have place on the record?

[PETITIONER]: No.

[THE COURT]: Has anyone threatened you?

[PETITIONER]: I guess not.

[THE COURT]: Is it your own choice to enter this no contest plea?

[PETITIONER]: Yes.

[THE COURT]: Do you have any questions with regards to this no contest plea?

[PETITIONER]: I think you already answered my question about the appeal.

[THE COURT]: All right. How do you plead in this matter? Guilty, not guilty, or no contest?

[PETITIONER]: No contest.

[THE COURT]: Is your no contest plea free and voluntary?

[PETITIONER]: Yes.

(Tr., Docket #14, pp. 4-7). Petitioner clearly entered his plea knowingly and voluntarily. Therefore, in the opinion of the undersigned, Petitioner has failed to show his plea was involuntary.

In petitioner's second claim for habeas corpus relief, he asserts counsel was ineffective for refusing to support his client's motion to withdraw the plea. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S.

668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)

Petitioner's plea of no contest was valid because it was made knowingly and voluntarily and had been accepted by the trial court. After a valid plea has been accepted by the court, there is no absolute right to withdraw the plea. Therefore, counsel's actions did not prejudice Petitioner. At sentencing, Petitioner contested the court's failure to allow him to withdraw his plea by asserting he was threatened by his attorney and the Prosecutor into taking the plea and he received ineffective assistance of counsel. In response to Petitioner's allegations counsel stated:

> Your Honor, there was no force or coercion on my behalf or Ms. Koncki's behalf with respect to what Ms. Koncki and I both agreed at the time. That there was overwhelming evidence in this case. And that's why I believe Mr. Souders had entered a guilty plea.
>
> As the Court knows, which is outlined in the presentence report and pursuant to the no contest plea, because the Court had the opportunity

> to read and review the police report which was stipulated by counsel for its admission. This was an isolated incident between Mr. Souders and the victim in this case, in which she alleged a CSC first and a CSC third degree.
>
> Accompanied with the overwhelming evidence, there were pictures and other evidence which I had fully shared with Mr. Souders. I've talked with the witnesses in this case. And we had a DNA report which not only supported, but it fortified the prosecutor's case with respect to the CSC in the first degree.
>
> This case was investigated. I talked to witnesses. And there was no force or coercion on my behalf, nor Ms. Koncki's behalf regarding the -- the no contest plea.
>
> I gave him my opinion with respect to what was about to take place, and counsel's advice. And it was, I believe, at his suggestion that he'd like to talk with the prosecution. Which she made herself available just to outline what the prosecution intended on doing. She, as an officer of the Court, I can guarantee to this Court, she in no way, shape or form, threatened or did anything inappropriate in my presence. And I'm stating that as an officer of the court, and I know Ms. Koncki would say the same thing. What she did was a courtesy to this defendant with respect to what the prosecution believed was an overwhelming case that they had.
>
> I did not share any information with any other people regarding this case. The plea offer, in counsel's opinion, was knowingly, intelligent and voluntary. And it was given before Your Honor making the decision on the day of trial. He could have elected to have a trial. And now, after the fact, he wishes to withdraw his no contest plea. And I certainly would leave that to the discretion of the Court.
>
> But to suggest that these things took place, I am simply stating and will state in the future, that it is not true. And as an officer of the court, I must bring that to the Court's attention.
>
> Not only was there physical evidence, pictorial evidence, documented evidence, there was DNA evidence and other accompanying evidence of which was fully given to Mr. Souders pursuant to his decision to enter a no contest plea. And I stand on those statements. Thank you.

(Tr., Docket #15, pp. 6-8).

During the sentencing the Judge, as well as the Kent County Assistant Prosecutor, stated they had no reason to doubt the veracity of the defense of Petitioner's counsel. (Tr., Docket #15 pp. 8-9). Additionally, as noted above, Petitioner stated under oath that his plea was made without threat or force. Therefore, in the opinion of the undersigned, Petitioner has failed to show ineffectiveness of counsel.

In a recent ruling, the U.S. Supreme Court addressed a claim of ineffective assistance of counsel for the advice given regarding a plea offer. *Lafter v. Cooper,* 132 S.Ct. 1376, 1386 (2012). The Court found ineffective assistance and held that a proper remedy for this specific injury is to either resentence the defendant at the state trial court's discretion, or when resentencing does not redress the specific injury, require the prosecution to reoffer the plea proposal. *Id.* at 1389. *See also Missouri v. Frye,* 132 S.Ct. 1399, 1408 (2012) (holding that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). In the present case, Petitioner's counsel provided effective assistance. Counsel communicated the plea offer to Petitioner and Petitioner accepted a plea that dismissed all other counts and supplemental information.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: June 15, 2012