UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COREY SOUDERS,

       Petitioner,

                                                Case No.  2:10-CV-106

v.

                                                HON. ROBERT HOLMES BELL

GREG McQUIGGIN,

       Respondent.
_____/

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On June 15, 2012, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Corey Souder's § 2254 petition for writ of habeas corpus be denied.  (Dkt. No. 42, R&R.)  Petitioner has filed objections to the R&R.  (Dkt. No. 43.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court

proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's general objection to "all adverse rulings" in the R&R, does not satisfy the requirement that an objection be filed. The Court will only accordingly limit its review to Petitioner's three specific objections.

Petitioner's first specific objection is to the conclusion that Petitioner entered his plea knowingly and voluntarily. (R&R 6.) Petitioner contends that the trial court gave him misinformation during the plea when it confirmed that Petitioner had a right of appeal, but failed to clarify that any appeal was by discretionary review only.

The court did not provide misinformation in the plea proceeding. The record reflects that the trial court accurately informed Petitioner that he would "be able to ask the Court of Appeals to review this matter once sentencing has been done." (Dkt. No. 14, Plea Tr., 4-7.) Petitioner was given an opportunity to seek clarification, but he sought none. (*Id.*) Because the information given by the trial court was not incorrect, Petitioner has not shown that the state court's determination that his plea was voluntary was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, or that it resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). The Constitution requires that a defendant be informed of the direct consequences of his plea, *Brady v. United States*, 397 U.S. 742, 755 (1970), including the maximum possible sentence. *Riggins v. McMackin*, 935 F.2d 790, 796

(6th Cir. 1991). Petitioner has not identified any Supreme Court case suggesting that a plea is not voluntarily and knowingly entered into simply because the defendant was not advised that any appeal was limited to discretionary review and the he did not have an appeal as of right.

Petitioner also contends that his plea was not voluntary because it was obtained through threats of natural life in prison. Petitioner's contention is not sufficient to warrant habeas relief because the possibility of a life sentence following trial was accurate. *See United States v. Johnson*, 351 F.3d 254, 262 (6th Cir. 2003) (noting that a non-illusory threat is not coercive). Moreover, Petitioner stated under oath that his plea was made without threat, and Petitioner has not shown any "extraordinary circumstances" to explain why this statement was not accurate. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999) ("[W]here Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court . . . .") (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

Petitioner's second specific objection is to the R&R's conclusion that counsel provided effective assistance at sentencing. Petitioner contends that because counsel "opposed and countered" Petitioner's motion to withdraw his no contest plea, counsel had

3

an actual conflict of interest.

Petitioner sought to withdraw his plea by asserting that he had been threatened by his attorney and the Prosecutor into taking the plea and that he had received ineffective assistance of counsel. Contrary to Petitioner's assertions, counsel did not oppose or counter Petitioner's motion to withdraw his plea. Counsel simply responded to Petitioner's accusations against him, and left the ruling on the motion to withdraw the plea to the discretion of the court. As noted in *United States v. Evans*, 400 F. App'x 946 (6th Cir. 2011), where the defendant similarly sought to withdraw his plea based on his allegation that he had been coerced by his attorney into pleading guilty, "it was entirely appropriate for [defense counsel], as an officer of the court observing his duty of candor, to cooperate with the inquiry necessitated by defendant's pro se motion." *Id.* at 952 n.2.

Even if counsel had a conflict of interest, Petitioner has not shown that counsel "actively represented conflicting interests" or that "an actual conflict of interest adversely affected his lawyer's performance." *Jalowiec v. Bradshaw*, 657 F.3d 293, 314 (6th Cir. 2011) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)).

Petitioner also asserts that counsel was obligated under the Rules of Professional Conduct to abide by the client's decision, and that counsel was ineffective for making him proceed without counsel on his motion to withdraw his plea. These assertions also lack merit. Counsel is not ineffective for failing to file a motion requested by his client if counsel, as a matter of professional judgment, decides not to present that motion. *See Jones v.*

4

*Barnes*, 463 U.S. 745, 751 (1983)  ("Neither *Anders* nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.")  Counsel's performance is measured by an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984), not by whether he has done his client's bidding.

Finally, Petitioner objects to the recommendation that he be denied a certificate of appealability.  On *de novo* review, this Court concludes that a certificate of appealability should be denied for the reasons stated in the R&R.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 43) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 15, 2012, Report and Recommendation of the Magistrate Judge (Dkt. No. 42) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: July 19, 2013                         /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE